IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PLASTERERS LOCAL 8 HEALTH AND WELFARE FUND** | : | CIVIL ACTION NO. |
| c/o Benefit Processing, Inc. | : | |
| P.O. Box 600 | : | |
| Dresher, PA 19025-0600 | : | |
| | : | |
| and | : | |
| | : | |
| **PLASTERERS LOCAL 8 PENSION FUND** | : | |
| c/o Benefit Processing, Inc. | : | |
| P.O. Box 600 | : | |
| Dresher, PA 19025-0600 | : | |
| | : | |
| and | : | |
| | : | |
| **PLASTERERS LOCAL 8 ANNUITY FUND** | : | |
| c/o Benefit Processing, Inc. | : | |
| P.O. Box 600 | : | |
| Dresher, PA 19025-0600 | : | |
| | : | |
| and | : | |
| | : | |
| **PLASTERERS LOCAL 8 VACATION FUND** | : | |
| c/o Benefit Processing, Inc. | : | |
| P.O. Box 600 | : | |
| Dresher, PA 19025-0600 | : | |
| | : | |
| and | : | |
| | : | |
| **PLASTERERS LOCAL 8 INDUSTRY FUND** | : | |
| c/o Benefit Processing, Inc. | : | |
| P.O. Box 600 | : | |
| Dresher, PA 19025-0600 | : | |
| | : | |
| and | : | |

| | |
|---|---|
| **PLASTERERS LOCAL 8 JOINT** | : |
| **APPRENTICESHIP FUND** | : |
| c/o Benefit Processing, Inc. | : |
| P.O. Box 600 | : |
| Dresher, PA 19025-0600 | : |
| | : |
| and | : |
| | : |
| **THOMAS KILKENNY, TRUSTEE,** | : |
| **PLASTERERS LOCAL 8 BENEFIT FUNDS** | : |
| 2535 Orthodox Street | : |
| Philadelphia, PA  19137 | : |
| | : |
| **Plaintiffs** | : |
| | : |
| vs. | : |
| | : |
| **PYROMAX, INC.** | : |
| 1829 Old Mill Road | : |
| Wall, NJ 07719 | : |
| and/or | : |
| P.O. BOX 1416 | : |
| Wall, NJ 07719 | : |
| | : |
| **Defendant** | : |

### C O M P L A I N T

#### The Parties

1.  The Plaintiffs in this action are the Plasterers Local 8 Health and Welfare Fund; the Plasterers Local 8 Pension Fund; the Plasterers Local 8 Annuity Fund; the Plasterers Local 8 Vacation Fund; the Plasterers Local 8 Industry Fund; and, the Plasterers Local 8 Joint Apprenticeship Fund ("Plaintiff Funds"), with their principal offices located at 2535 Orthodox Street, Philadelphia, PA 19137, within this Judicial District.  The Plaintiffs are due and owing the relief sought from Defendant, Pyromax, Inc., as set forth below.

2.  Plaintiff, Thomas Kilkenny, in his capacity as a trustee of the Plaintiff Funds, is a fiduciary within the meaning of Section 3(21)(A) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1002(21)(A).

3. Defendant, Pyromax, Inc., (hereinafter "Defendant") is a corporation doing business at 1829 Old Mill Road, Wall, NJ 07719 and/or P.O. Box 1416, Wall, NJ 07719.

4. Defendant is engaged in commerce within the meaning of Section 2(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §152(6) and has employed members of Plaintiff Union pursuant to a collective bargaining agreement in the Commonwealth of Pennsylvania.

5. Defendant is an Employer within the meaning of Section 2(2) of the National Labor Relations Act and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2) and 185; and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1002(5) and 1145.

## Jurisdiction & Venue

6. Jurisdiction of the District Court is invoked pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185, in that the Defendant is an employer within the meaning of the Labor Management Relations Act, and party to a collective bargaining agreement which forms the basis and substance of the matters at issue in this litigation; and 28 U.S.C. §1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

7. Jurisdiction of the District Court is invoked pursuant to the provisions of Section 502 and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145, in that Defendant is an employer as defined by ERISA. The Eastern District of Pennsylvania is the proper venue under ERISA section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Plaintiff funds are administered in this judicial district.

## Cause Of Action

8. The Defendant is a party to a collective bargaining agreement with the Operative Plasterers and Cement Masons International Association, or has been a party to a collective bargaining

agreement, which requires(d) that the Defendant make certain contributions on a timely basis to the Plaintiff Funds.

9. As part of Defendant's obligations under the collective bargaining agreement and the Trust Agreement governing the Funds, Defendant (like all other contributing employers to the Plaintiff Funds) is required to submit to periodic audits to verify the payroll figures upon which contributions are based.

10. Defendant has refused to submit to an appropriate audit for the period January 1, 1998 through December 31, 2001 as requested by Plaintiff Funds.

11. Plaintiffs believe, and therefore aver, that Defendant may owe contributions, interest and penalties to Plaintiff Funds as a result of Defendant's failure and refusal to make complete and timely payments of contributions due under the applicable collective bargaining agreement during the relevant period.

12. Plaintiffs are entitled to a provision permitting immediate registration in another District of any judgment entered in this action.

**WHEREFORE**, Plaintiffs request this Honorable Court to grant judgment against the Defendant and in favor of the Plaintiffs and to award relief as follows:

    a. An accounting of all amounts due to the various benefit funds, based upon examination of the Defendant's payroll records and an injunction compelling Defendant to submit to an audit of its books by Plaintiffs for the period January 1, 1998 through December 31, 2001;

    b. Judgment in the amount found to be due and owing after audit, including any and all delinquencies which shall have accrued as of the date this claim is reduced to judgment;

    c. Reasonable counsel fees, interest and costs of suit, including costs of audit;

    d. Injunctive relief ordering the Defendant to remit employer reports, contributions, and other required payments in a timely fashion;

  e. Liquidated damages as provided by the applicable collective bargaining agreement(s) and by Section 502 of ERISA; and

  f. Other relief as the Court deems just and proper.

              Respectfully submitted,

              **SPEAR, WILDERMAN, BORISH,**
              **ENDY, SPEAR AND RUNCKEL**

            BY: _____
              BRUCE E. ENDY
              Suite 1400
              230 S. Broad Street
              Philadelphia, PA  19102
              (215) 732-0101

Dated: July 19, 2002