IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PLASTERERS LOCAL 8 HEALTH          :        CIVIL ACTION
AND WELFARE FUND, et al.,          :
                                   :
            Plaintiffs,            :
                                   :
     v.                            :
                                   :
PYROMAX, INC.,                     :
                                   :
            Defendant.             :        NO.  02-4850

ANSWER

The Defendant, Pyromax, Inc. ("Pyromax" or the "Company"), by its undersigned

attorneys, answers the correspondingly-numbered paragraphs of the Complaint, as follows:

1.      Admitted in part and denied in part.  The allegations of the first sentence of

paragraph 1 of the Complaint are admitted.  The allegations of the second sentence of paragraph

1 of the Complaint are denied.

2.      Denied as stated.  Insofar as paragraph 2 of the Complaint alleges facts, Pyromax

lacks knowledge or information sufficient to form a belief as to the truth of the allegations which

are, therefore, denied.  The remaining allegations of paragraph 2 of the Complaint state a

conclusion of law to which no responsive pleading is required.

3.      Admitted.

4.      Admitted in part and denied in part as stated.  It is specifically denied that any

union is a party Plaintiff.  The remaining factual allegations of paragraph 4 of the Complaint are

admitted.  The remaining allegations of paragraph 4 of the Complaint state conclusions of law to

which no responsive pleading is required.

5.    Admitted in part and denied in part as stated. The factual allegations of paragraph 5 of the Complaint are admitted. The remaining allegations of paragraph 5 of the Complaint state conclusions of law to which no responsive pleading is required.

6.    Admitted in part and denied in part as stated. The factual allegations of paragraph 6 of the Complaint are admitted. The remaining allegations of paragraph 6 of the Complaint state conclusions of law to which no responsive pleading is required.

7.    Admitted in part and denied in part as stated. The factual allegations of paragraph 7 of the Complaint are admitted. The remaining allegations of paragraph 7 of the Complaint state conclusions of law to which no responsive pleading is required.

8.    Admitted.

9.    Denied in part and denied in part as stated. Insofar as the allegations of paragraph 9 of the Complaint are directed to Pyromax, they are denied. Pyromax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint which are, therefore, denied.

10.    Admitted in part, denied in part and denied in part as stated. It is admitted only that Pyromax refused to submit to an audit of inappropriate scope. The remaining factual allegations of paragraph 10 of the Complaint are denied.

11.    Denied.

12.    Denied and denied as stated. Insofar as paragraph 12 of the Complaint alleges facts, they are denied. The remaining allegations of paragraph 12 of the Complaint state a conclusion of law to which no responsive pleading is required.

2

WHEREFORE, the Defendant, Pyromax, Inc., respectfully requests that judgment be entered in its favor and against the Plaintiffs, that the Complaint be dismissed with prejudice and that Pyromax be awarded its costs in defending this action, including a reasonable attorneys' fee.

## SECOND DEFENSE

13.     The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## THIRD DEFENSE

14.     The Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

## FOURTH DEFENSE

15.     Insofar as it seeks equitable relief, the Complaint is barred by the Plaintiffs' unclean hands.

WHEREFORE, the Defendant, Pyromax, Inc., respectfully requests that judgment be entered in its favor and against the Plaintiffs, that the Complaint be dismissed with prejudice and

that Pyromax be awarded its costs in defending this action, including a reasonable attorneys' fee.


_____

James A. Matthews, III
Maren Reichert
FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP
2000 Market Street, Tenth Floor
Philadelphia, PA  19103
(215) 299-2762/2150 (FAX)

Attorney for the Defendant,
Pyromax, Inc.


DATED:  August 30, 2002

<u>CERTIFICATE OF SERVICE</u>

I, MAREN REICHERT, hereby certify that a true and correct copy of the foregoing

Answer was served upon counsel for the Plaintiffs by hand delivery on this date at the address

indicated:

> Bruce E. Endy, Esquire
> SPEAR, WILDERMAN, BORISH, ENDY
>   SPEAR AND RUNKEL
> 230 South Broad Street, Suite 1400
> Philadelphia, PA 19102

_____
Maren Reichert

DATED:   August 30, 2002