IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PLASTERERS LOCAL 8 HEALTH<br>AND WELFARE FUND, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PYROMAX, INC., | : | |
| | : | |
| Defendant | : | NO. 02-4850 |
| | : | |

**DEFENDANT PYROMAX, INC.'S
AMENDED ANSWER TO PLAINTIFF'S COMPLAINT,
<u>WITH AFFIRMATIVE DEFENSES</u>**

The Defendant, Pyromax, Inc. ("Pyromax" or the "Company"), by its undersigned attorneys, answers the correspondingly-numbered paragraphs of the Complaint, as follows:

1. Admitted in part and denied in part. The allegations of the first sentence of paragraph 1 of the Complaint are admitted. The allegations of the second sentence of paragraph 1 of the Complaint are denied.

2. Denied as stated. Insofar as paragraph 2 of the Complaint alleges facts, Pyromax lacks knowledge or information sufficient to form a belief as to the truth of the allegations which are, therefore, denied. The remaining allegations of paragraph 2 of the Complaint state a conclusion of law to which no responsive pleading is required.

3. Admitted.

4. Admitted in part and denied in part as stated. It is specifically denied that any union is a party Plaintiff. The remaining factual allegations of paragraph 4 of the Complaint are

admitted. The remaining allegations of paragraph 4 of the Complaint state conclusions of law to which no responsive pleading is required.

5. Admitted in part and denied in part as stated. The factual allegations of paragraph 5 of the Complaint are admitted. The remaining allegations of paragraph 5 of the Complaint state conclusions of law to which no responsive pleading is required.

6. Admitted in part and denied in part as stated. The factual allegations of paragraph 6 of the Complaint are admitted. The remaining allegations of paragraph 6 of the Complaint state conclusions of law to which no responsive pleading is required.

7. Admitted in part and denied in part as stated. The factual allegations of paragraph 7 of the Complaint are admitted. The remaining allegations of paragraph 7 of the Complaint state conclusions of law to which no responsive pleading is required.

8. Admitted.

9. Denied in part and denied in part as stated. Insofar as the allegations of paragraph 9 of the Complaint are directed to Pyromax, they are denied. Pyromax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint which are, therefore, denied.

10. Admitted in part, denied in part and denied in part as stated. It is admitted only that Pyromax refused to submit to an audit of inappropriate scope. The remaining factual allegations of paragraph 10 of the Complaint are denied.

11. Denied.

12. Denied and denied as stated. Insofar as paragraph 12 of the Complaint alleges facts, they are denied. The remaining allegations of paragraph 12 of the Complaint state a conclusion of law to which no responsive pleading is required.

WHEREFORE, the Defendant, Pyromax, Inc., respectfully requests that judgment be entered in its favor and against the Plaintiffs, that the Complaint be dismissed with prejudice and that Pyromax be awarded its costs in defending this action, including a reasonable attorneys' fee.

## SECOND DEFENSE

13. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## THIRD DEFENSE

14. The Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

## FOURTH DEFENSE

15. Insofar as it seeks equitable relief, the Complaint is barred by the Plaintiffs' unclean hands.

## FIFTH DEFENSE

16. The Complaint is barred because the underlying contract is void *ab initio* due to fraud in the execution.

## SIXTH DEFENSE

17. If Defendant is liable to Plaintiffs for the damages sought in this complaint, it should be indemnified by Plasterers Union Local 8, which fraudulently induced Defendant to enter the contract that forms the basis of Plaintiffs' complaint.

3

WHEREFORE, the Defendant, Pyromax, Inc., respectfully requests that judgment be entered in its favor and against the Plaintiffs, that the Complaint be dismissed with prejudice and that Pyromax be awarded its costs in defending this action, including a reasonable attorneys' fee.

_____
James A. Matthews, III
Maren Reichert
FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103
(215) 299-2762/2150 (FAX)

Attorney for the Defendant,
Pyromax, Inc.

DATED: September 19, 2002

## CERTIFICATE OF SERVICE

I, MAREN REICHERT, hereby certify that a true and correct copy of the foregoing Defendant Pyromax, Inc.'s Amended Answer, with Affirmative Defenses was served upon counsel for the Plaintiffs by hand delivery on this date at the address indicated:

>Bruce E. Endy, Esquire
>SPEAR, WILDERMAN, BORISH, ENDY
>  SPEAR AND RUNKEL
>230 South Broad Street, Suite 1400
>Philadelphia, PA  19102

*[signature]*
Maren Reichert

DATED:  September 19, 2002